# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

August 25, 2020

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Centre Street
New York, New York, 1007

          Re:  **Basurto Gabino et al v. Pee Dee Corp. et al**
                **Index No. 19-CV-4523 (LGS)**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ATTORNEY'S FEES PURSUANT TO CHEEKS

Dear Judge Schofield,

  We represent Plaintiff Estolfo Basurto Gabino in the above referenced matter, and now submit this motion by letter, jointly with defense counsel, for the Court's approval of the settlement agreement reached between the Parties and the proposed attorneys' fees. The Parties jointly apologize to the Court for the previously missed deadline for this filing, which was due to an inadvertent error from Defendants is having the signed document returned to their counsel. The Parties and their counsel appreciated the patient and gratitude of the Court in rescheduling until today.

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement and dismiss the case with prejudice. We are aware of the decisions in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. July 5, 2012), and represent to the Court that

while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial to the fullest extent possible the settlement is fair and reasonable.

Background

Plaintiff Gabino was employed at the Defendant's restaurant known as "Pee Dee Steak," a steak house located at 2006 Third Avenue, New York, New York 10029. Mr. Gabino was employed as a delivery work and dishwasher at the aforesaid location, under the employ of the Defendants from approximately April 14, 2012 until on or about April 14, 2019. During the course of his employment the Defendants paid him a fixed salary, paid in cash weekly, of from $420 per week at the beginning of his employment, rising intermittently until he was paid the rate of $528 per week at the time of his end of employment. During this period, Plaintiff worked in excess of fifty (50) hours per week, and was not paid the appropriate minimum wage and spread of hour pay.

Plaintiff's estimates that his total unpaid overtime and other lost wages at approximately $75,109.53, with liquidated damages in the same amount, should he prove his case at trial.

Settlement

The Parties have agreed to settle this action for the total sum of $27,500.00, to be paid by Defendants upon signing of the Agreement, to be held in defense counsel's escrow account until such time as the Court approves the same and the applicable attorneys' fees (discussed below).

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good  position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)

September 5, 2020
Page 3

(quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action after discovery, without the encumbrance of trial and the delay and uncertainly of judgment enforcement. Plaintiff will each receive a reasonable portion of the minimum and overtime wages that he could have recovered if they were successful at trial.

Although the total figure of damages that could have been recovered exceeds the settlement amount, there was a risk that Plaintiffs would have not prevailed at trial, or would have received judgment at an amount significantly less than their estimated maximum damages after a trial. Considering the possibility of this outcome after a trial, we believe the settlement amount in this case is fair and reasonable.

September 5, 2020
Page 4

More importantly, there were serious considerations to be made and risks associated with actually collecting on any judgment that could have been gained at trial, no matter the amount. Defense counsel represented that due to the tragedy of the COVID pandemic and ensuing government restrictions on the operation of the Defendants' business, the business has closed. Additionally, the husband Defendant passed away during litigation, and the remaining individual Defendant, his wife, has no other immediate means of income. In the face of these clear concerns at collecting now and in the future, Plaintiff made the reasoned decision to accept a one time and immediate payment of the settlement amount, which has been deposited, as of the filing of this motion, in defense counsel's escrow account.

Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

Plaintiff's Attorneys' Fees are Fair and Reasonable

We respectfully submit that the FLSA does not require the Court to review the attorneys' fees that a plaintiff's attorney will receive out of a settlement. *See Gutierrez v. 352 East 86th St. Rest., Inc.*, 15-cv-2064 (HBP), 2016 U.S. Dist. LEXIS 23967, *3-*4 (S.D.N.Y. Feb. 19, 2016) (declining to address the fee arrangement between plaintiff and his counsel because FLSA does not regulate relationship between attorney and plaintiff). However, if the Court holds it is necessary to review Plaintiff's attorneys' fees, such fees should be approved as fair and reasonable.

September 5, 2020
Page 5

If the Court does find such review necessary, the amount of the settlement which will be applied to attorneys' fees is fair and reasonable. Plaintiff's attorneys will received attorneys' fees of $11,000.00, representative of the 40% agreed to by Plaintiff in the retainer agreement signed with Plaintiff's counsel, inclusive in this case, of the actual cost's Plaintiff's attorneys' incurred in prosecuting this action. Plaintiffs' lodestar attorneys' fees amount in this case based on their recorded hours worked and costs and disbursements incurred is $11.174.70. Had Plaintiff's attorneys opted to strictly apply the retainer agreement, this office would have been entitled to a total of $11,409.32. A copy of Plaintiffs' attorneys' billing statement for this matter, with the attorneys' contemporaneous time entries, is annexed as Exhibit B.

Given these circumstances, the $11,000.00 of the settlement applied to attorneys' fees is reasonable. This amount is both less that what would have been applicable under the retainer agreement and is less than the lodestar for this case as well. *See Hyun v. Ippudo USA Holdings*, 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("Fee awards representing one third of the total recovery are common in this District") (quoting *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). The rates for Plaintiffs' attorneys are as follows:

   a.   Michael Faillace (MF) is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. His time is billed at the rate of $450, which is Faillace's standard billing rate for matters which he bills at an hourly rate rather than on a contingency basis. From 1983 to 2000, Faillace was in-house

Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations;

b.      Joshua Androphy (JA) was the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014 through 2018. He left the firm in July of this year for other opportunities;

c.      I, Kevin S. Johnson (KSJ), am an associate attorney at Michael Faillace & Associates, P.C. and my work is billed at $375.00 per hour. I graduated from New York School of Law in 2011 in the top 25% of his class. Since being admitted to practice in the State of New York and the Southern and Eastern Districts of New York in 2013, I have

concentrated my practice in various aspects of civil litigation, focusing on personal injury litigation, discrimination, and employment and labor law claims. Prior to coming to work for the firm of Michael Faillace & Associates, P.C., I was an associate attorney with Rosenbaum & Rosenbaum, P.C., focusing my practice in personal injury, particularly focusing on motion and appellate practice. I have tried cases, deposed hundreds of witnesses, and plead and argued three cases before the Appellate Division, Second Department. Since coming to Plaintiff's attorneys' firm, I have concentrated solely on wage and hour and related labor law claims, using my strong litigation skills, in all aspects and phases of litigation, to bring the best results for my clients;

d. Work performed by paralegals is billed at the rate of $100 per hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace and Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

*/s/ Kevin S. Johnson, Esq.*
Kevin S. Johnson, Esq.

September 5, 2020
Page 8

                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                              *Attorneys for Plaintiff*
                              704.258.5546 (mobile)
                              kjohnson@faillacelaw.com
                              kevinsjohnson1@outlook.com

**CC VIA ECF:**
Hong Keun Jung, Esq.
JUNG & ASSOCIATES
*Attorney for Defendants*
470 Park Avenue South, Ste. 4 North
New York, NY 10016
(212) 481-0800
Fax: (212)-481-0820
hjung@crystallaw.com